UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| HCB ENTERPRISES, LLC, | Case No. 2:20-CV-407 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| DICKEY'S BARBECUE RESTAURANTS, INC., | |
| Defendant(s). | |

Presently before the court is defendant Dickey's Barbecue Restaurants, Inc.'s ("Dickey's") motion to stay case. (ECF No. 8). Plaintiff HCB Enterprises, LLC ("HCB") filed a response (ECF No. 11), to which Dickey's replied (ECF No. 20).

Also before the court is HCB's unopposed motion for leave to file sur-reply. (ECF No. 21).

**I.   Background**

This dispute arises from a failed business relationship between HCB and Dickey's. As relevant here, HCB and Dickey's entered into a series of contracts, including a development agreement, four franchise agreements, and various addendums. (ECF Nos. 8 at 3–4; 11 at 4). Each of these contracts contained an arbitration clause. Pursuant to these contracts, HCB was to operate Dickey's restaurants in Garland, Prosper, Aubrey, and Dallas-Ft. Worth. (ECF Nos. 8 at 4; 11 at 4).

HCB opened only one Dickey's restaurant, which failed. (ECF No. 11 at 4). HCB was unable to open its remaining three locations and, instead, filed for voluntary chapter 11 bankruptcy. *Id.* at 5. In its bankruptcy plan—which Dickey's did not object to—HCB rejected

James C. Mahan
U.S. District Judge

its agreements with Dickey's pursuant to 11 U.S.C. § 365. *Id.* at 6–9. HCB's plan specifically rejected the arbitration clauses in those agreements. *Id.*

HCB, arguing that Dickey's profits from the failures of its franchisees, now brings eight claims: breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, negligent misrepresentation, violations of Nevada Deceptive Trade Practices Act, promissory estoppel, unjust enrichment, and interference with existing contractual relations. (ECF No. 1). Dickey's moves to stay and submit this case to binding arbitration pursuant to the arbitration clauses. (ECF No. 8).

## II.   Legal Standard

Courts have broad discretion in managing their dockets. *See, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. When exercising that discretion, courts are guided by the goals of securing the just, speedy, and inexpensive resolution of actions. *See* Fed. R. Civ. P. 1.

However, courts do not have discretion when a stay is mandated by statute. "By its terms, the [Federal Arbitration] Act 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 218 (1985) (emphasis in original); *see* 9 U.S.C. § 3. The Federal Arbitration Act ("FAA") compels a court to refer a case to arbitration if (1) "a valid agreement to arbitrate exists" that (2) "encompasses the dispute at issue." *Chiron Corp.*, 207 F.3d at 1130 (citing 9 U.S.C. § 4; *Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 719–20 (9th Cir. 1999)).

## III.   Discussion

The parties do not dispute that the arbitration provisions at issue fall within the purview of the FAA. (ECF Nos. 8; 11; 20; 21). Nor do they dispute that HCB's bankruptcy plan is

binding on the parties. (ECF Nos. 8; 77; 20; 21). Instead, the only point of contention is whether the arbitration clauses remain effective, HCB's bankruptcy plan notwithstanding. If the bankruptcy court could, as part of HCB's plan, reject or otherwise invalidate the arbitration clauses, this court has jurisdiction. If it could not, this court must stay this case and compel arbitration.

The bankruptcy code allows a bankruptcy trustee to "assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). However, the Code also provides that "the rejection of an executory contract or unexpired lease of the debtor constitutes a breach of such contract." *Id.* § 365(g). The United States Supreme Court recently reaffirmed the principal that "[a] rejection breaches a contract but does not rescind it. And that means **all the rights that would ordinarily survive a contract breach . . . remain in place**." *Mission Prod. Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1657–58 (2019). The FAA provides as follows:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . shall be valid, irrevocable, and enforceable, **save upon such grounds as exist at law or in equity for the revocation of any contract**.

9 U.S.C. § 2 (emphasis added).

The plain language of 11 U.S.C. § 365 allows a trustee to reject—not revoke—a contract. Under both the bankruptcy code and clarifying precedent, such rejection constitutes a breach of the agreement. As a result, the court finds that, under the unambiguous language of 9 U.S.C. § 2, the bankruptcy code does not render arbitration clauses in rejected executory contracts inoperative.

HCB does not present any legal support contrary to this interpretation. Instead, it discusses the binding nature and preclusive effect of bankruptcy plans. (ECF No. 11 at 10–12). HCB goes on to note that Dickey's did not participate in the bankruptcy case, despite receiving

James C. Mahan
U.S. District Judge

actual notice thereof.[1]  *Id.* at 12–14.  But nowhere does HCB contend—save in a footnote quoting an American Bankruptcy Institute Journal article[2]—that the bankruptcy court had the power, as part of HCB's plan, to reject the arbitration provisions.

Accordingly, the court finds that valid arbitration agreements exist, those agreements fall within the purview of the FAA, and the agreements encompass the disputes at issue.[3]  Consequently, the court has no discretion to retain this case and must, pursuant to the FAA and the parties' agreements, stay this case and compel arbitration unless there exist some grounds at law or in equity for the revocation of the contract.[4]

HCB does not present this court with any grounds at law or in equity for the revocation of the arbitration agreements at issue here.  The only argument, beside its confirmed bankruptcy plan, that HCB advances is that Dickey's waived its right to demand arbitration.  (ECF No. 11 at 14–15).

As the parties both acknowledge, the Ninth Circuit's decision in *United States v. Park Place Assocs., Ltd.,* 563 F.3d 907 (9th Cir. 2009), establishes the three-part test to determine whether a party has waived its right to arbitrate.  (ECF Nos. 11 at 6; 20 at 6).  Specifically, the party asserting waiver must show: "(1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration

---

[1] Dickey's argues that it did not receive notice of the bankruptcy case, which HCB disputes in its sur-reply.  (ECF Nos. 20; 21).  The court need not reach this issue.

[2] The court notes that the American Bankruptcy Institute published another article in its journal directly contrary to HCB's position three months later.  *See* George R. Calhoun, ***Arbitration Clauses Not Invalidated by Rejection****,* 26 Am. Bankr. Inst. J. 36 (July/August 2007).

[3] Dickey's argues, and HCB does not dispute, that the "broad" language of the arbitration clauses encompass the claims in this case.  (ECF No. 8 at 8–10).

[4] Because the court has determined that the bankruptcy court did not have the power to reject the arbitration agreements in HCB's plan, the court need not reach the issue of whether this court is vested with exclusive jurisdiction over these claims.  (*See* ECF No. 11 at 15–17).  To the extent the court must reach that issue, the court finds that it may exercise its supposed "exclusive jurisdiction to adjudicate" these claims to, in its discretion, abstain and refer this case to arbitration.  *See In re CIT Grp. Inc.*, No. 09-16565 ALG, 2012 WL 831095, at *3 (Bankr. S.D.N.Y. Mar. 9, 2012) (compelling arbitration when a confirmed plan, which purportedly rejected certain arbitration agreements, had become effective years prior, the issues involved arose exclusively under non-bankruptcy law, those issues were "wholly remote from the main bankruptcy case," and in light of the strong policy in favor of enforcing arbitration clauses.).

**James C. Mahan**
**U.S. District Judge**

resulting from such inconsistent acts." *Park Place Assocs.*, 563 F.3d at 921 (quoting *Fisher v. A.G. Becker Paribas Inc.,* 791 F.2d 691, 694 (9th Cir. 1986)) (quotation marks omitted). Notably, "'[w]aiver of a contractual right to arbitration is not favored,' and, therefore, 'any party arguing waiver of arbitration bears a heavy burden of proof.'" *Richards v. Ernst & Young, LLP*, 744 F.3d 1072, 1074 (9th Cir. 2013) (quoting *Fisher*, 791 F.2d at 694).

The Ninth Circuit has explained "that a party's extended silence and delay in moving for arbitration may indicate a 'conscious decision to continue to seek judicial judgment on the merits of the arbitrable claims,' which would be inconsistent with a right to arbitrate." *Martin v. Yasuda*, 829 F.3d 1118, 1125 (9th Cir. 2016) (quoting *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (9th Cir. 1988)) (brackets omitted). Thus, where a party actively litigates a case but does not move to compel arbitration, that party waives its right to do so. *Id.*

HCB argues that Dickey's waived its right to enforce the arbitration agreements when it failed to object or otherwise participate in HCB's bankruptcy case. (ECF No. 11 at 14–15). In response, Dickey's contends that inaction in the bankruptcy case does not amount of an affirmative act inconsistent with its right to compel arbitration in this case. (ECF No. 20 at 7).

Dickey's did not actively litigate in the bankruptcy proceeding. The only case Dickey's has actively litigated is the instant action, which Dickey's timely moved to stay. (ECF No. 8). Dickey's had no reason to protect its arbitration clauses in HCB's bankruptcy proceeding because, as discussed above, the clauses survived the rejection of the agreements as a matter of law. The court finds that Dickey's has not taken any action inconsistent with its right to compel arbitration. Thus, Dickey's did not waive its right to compel arbitration, and the court grants Dickey's motion.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Dickey's Barbecue Restaurant, Inc.'s motion to stay (ECF No. 8) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that HCB's unopposed motion for leave to file a sur-reply (ECF No. 21) be, and the same hereby is, GRANTED.

**James C. Mahan**
**U.S. District Judge**

- 5 -

IT IS FURTHER ORDERED that the matter of *HCB Enterprises, LLC v. Dickey's Barbecue Restaurants, Inc.*, case number 2:20-cv-00407-JCM-VCF, be, and the same hereby is, STAYED.

IT IS FURTHER ORDERED that this case shall be stayed until the earlier of (1) completion of arbitration pursuant to the arbitration clauses, or (2) further order by the bankruptcy court clarifying the legal effect of such clauses post-plan confirmation.

DATED July 6, 2020.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -